UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JASMINE LUDLOW, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:18-CV-266-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| LOUISVILLE METRO GOVERNMENT, ) | **ORDER GRANTING MOTION TO** |
| et al., ) | **DISMISS** |
| ) | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jasmine Ludlow sued Louisville Metro Government ("Louisville Metro") and various officers of Louisville Metro Department of Corrections ("LMDC") because of Ms. Ludlow's treatment while she was incarcerated at LMDC. This matter is now before the Court on Defendant Louisville Metro's Motion to Dismiss [R. 25]. Plaintiff filed a response [R. 30], and Defendant filed its reply [R. 31]. Fully briefed, this matter is ripe for decision. For the reasons stated herein, the Court will grant the Defendant's Motion.

## I. Background

For the purposes of considering Defendant's Motion, the following facts are taken as true. On September 17, 2017, Plaintiff was arrested by the Louisville Metro Police Department, after which she was transported to LMDC for pretrial detention. [R. 18 at ¶¶ 11–13] As allowed by LMDC, Plaintiff made a phone call and alleges that at its conclusion she was accused by Defendant Summer Johnson of slamming the phone. *Id.* at ¶¶ 14–15. Plaintiff informed Johnson that she had not slammed the phone and made a second call. *Id.* at ¶ 16. After this interaction, Johnson approached Plaintiff from behind and grabbed her in an attempt to force her to the floor. *Id.* at ¶ 17. Shortly thereafter, Defendant Henry Simmons assisted Johnson in attempting to

force Plaintiff to the ground. *Id*. at ¶ 18. During this altercation, Johnson punched and choked Plaintiff and directed profane language at her before cuffing her and placing her in a holding cell. *Id.* at ¶¶ 20–24. When in the holding cell, Johnson continued to physically assault Plaintiff while also continuing to use unprofessional and profane language. *Id.* at ¶¶ 25–27. Not only was Plaintiff denied food, blankets, and medical attention while in the holding cell, but she was also placed in the men's side of the LMDC facility, causing her to use the restroom in plain view of men. *Id.* at ¶¶ 29–32. After over eight hours in this holding cell, Plaintiff was finally released. *Id*. at ¶ 33. Plaintiff alleges the actions of Johnson and Simmons caused her mental and physical injuries, and loss of enjoyment of life. *Id.* at ¶ 34.

The Court previously dismissed with prejudice Plaintiff's state law claims against Defendant Louisville Metro on the basis of sovereign immunity. [R. 14] The Court granted Plaintiff leave to file an amended complaint as to her one remaining claim against Louisville Metro. *Id.* The Plaintiff has filed her amended complaint, which reasserts her § 1983 claim against Louisville Metro. [R. 18] Defendant has moved to dismiss this claim against it pursuant to Fed. R. Civ. P. 12(b)(6). [R. 25]

## II.     Motion to Dismiss Standard

Dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff "fails to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is factually plausible if the complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This does not require a showing that the defendant is probably liable, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet this plausibility standard, the complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679. In order to survive a Rule 12(b)(6) motion, the complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). The "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

**III. Discussion**

Plaintiff seeks to hold Louisville Metro liable for the deprivation of Ms. Ludlow's constitutional rights pursuant to 42 U.S.C. § 1983. [R. 18 at ¶¶ 41–42] Louisville Metro argues that the claim should be dismissed, as the complaint fails to state a claim for municipal liability under § 1983. [R. 25-1]

To state a claim against a municipal entity such as Louisville Metro, Plaintiffs must show that Louisville Metro committed some wrong. *See Doe v. Clairborne Cnty., Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996) ("[R]espondeat superior is not available as a theory of recovery under section

1983."). In order to establish municipal liability, the entity must perform the unconstitutional act pursuant to a governmental policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The Sixth Circuit requires the plaintiff to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations omitted).

Count I of Plaintiff's amended complaint seeks to hold Louisville Metro liable for a "policy or custom that systematically fails to protect and enforce the constitutional rights of pretrial detainees in its custody, care, and control." [R. 18 at ¶ 41] Plaintiff vaguely suggests that this policy or custom is related to the training and supervision of staff. *Id.* However, the complaint is otherwise silent as to what the policy or custom is, why it was inadequate, and how it contributed to the violation of Ms. Ludlow's constitutional rights.

District courts in the Sixth Circuit have consistently required "more than bare statements" that a policy or custom caused the alleged constitutional violation to survive a motion to dismiss. *See Blaine v. Louisville Metro Gov't*, No. 3:13-CV-427-CRS, 2014 WL 321142, at *3 (W.D. Ky. Jan. 29, 2014) (rejecting Plaintiff's § 1983 claim because it "failed to identify the policy, custom, or practice" which caused the constitutional violation). *See also Phillips v. PTS of America, LLC*, No. 3:17-CV-603-JHM, 2017 WL 4582801, at *2 (W.D. Ky. Oct. 13, 2017) (quoting *Vidal v. Lexington Fayette Urban Cty. Gov't*, No. 5:13-CV-117-DCR, 2014 WL 4418113, at *3 (E.D. Ky. Sept. 8, 2014)). In *Vidal*, for example, Plaintiff alleged that a municipality "negligently trained and/or supervised" its employees, and that it "failed to instruct, supervise, control, and discipline" its employees. *Vidal*, 2014 WL 4418113, at *3. The district court found such allegations to be "naked assertions devoid of further factual enhancement [that] contribute

nothing to the sufficiency of the complaint." *Id.* at *4. Plaintiff's complaint "merely recite[d] the legal requirements for a claim against a municipality without any factual allegations that would raise a right to relief above the speculative level." *Id.*

*Phillips* is also particularly instructive in resolving the § 1983 claim against Louisville Metro. In that case, an inmate at LMDC—Mr. Culpepper—complained of abdominal pain related to a bleeding ulcer. *Phillips*, 2017 WL 4582801, at *1. Medical staff at LMDC prescribed him antacids. *Id.* Mr. Culpepper was then placed on a thirteen-hour transport to another facility, during which he continued to complain of abdominal pain. *Id.* When he arrived, he was "unable to exit the van and was barely responsive." *Id.* Mr. Culpepper lost consciousness and ultimately died from a "perforated duodenal ulcer." *Id.* The resulting lawsuit sought to hold Louisville Metro liable for LMDC's "written policies, procedures . . . customs and practices" that resulted in violations of Mr. Culpepper's constitutional rights. *Id.* at *2. However, the Plaintiff did not state what those policies or customs were. *Id.* The Plaintiff alleged nothing along the lines of what policies LMDC followed, why such policies were deficient, and how the policies caused the alleged constitutional violation. *Id.* As such, the complaint contained "no factual content upon which the Court could find that the plaintiffs [we]re plausibly entitled to relief." *Id.*

Plaintiff's complaint suffers from the same shortcomings described in these cases. The complaint merely states that Louisville Metro has "a policy or custom that systematically fails to protect and enforce the constitutional rights of pretrial detainees in its custody, care, and control." [R. 18 ¶ 41] Plaintiffs further allege that:

> The actions and/or omissions of Defendant Metro Government in failing to employ, train, and/or supervise qualified persons for positions of authority, and [Defendant's] failure to promulgate and/or enforce appropriate policies and procedures resulted in harm to the Plaintiff . . . .

*Id.* These bare assertions, which completely lack any additional factual development, contribute nothing to the sufficiency of the complaint. *Twombly*, 550 U.S. at 555. Ms. Ludlow's complaint merely recites the legal requirements for a claim against a municipality without any factual allegations that would "raise a right to relief above the speculative level." *Id.* Under this pleading standard, the complaint fails to state a claim for municipal liability under § 1983.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** as follows:

2. Defendant's Motion to Dismiss [**R. 25**] Count I as it applies to Louisville Metro is **GRANTED**.

This the 19th day of November, 2019.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY